IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ENRIQUE PAGAN-VEGA,**
Petitioner,

v.

**UNITED STATES OF AMERICA,**   Civil No. 15-3039 (DRD)

Respondent.

## <u>OPINION & ORDER</u>

Pending before the Court is Enrique Pagan-Vega's *Motion to Vacate, Set Aside, or Correct* the sentence imposed in Cr. No. 13-66. *See* Docket No. 1, 7; *see also* 28 U.S.C. § 2255. For the reasons provided below, the Court hereby **DENIES** Petitioner's Motion.

### I.   PROCEDURAL BACKGROUND

On February 6, 2013, Enrique Pagan-Vega ("Petitioner") was the subject of a Three Count and Forfeiture Allegation Indictment. *See* Cr. No. 13-66, Docket No. 3. Count One charged Petitioner with transportation of child pornography, in violation of Title 18 U.S.C. § 2252(a)(1); Count Two charged Petitioner with receipt of child pornography, in violation of Title 18 U.S.C. § 2252(a)(2) and (b)(1); and Count Three charged Petitioner with possession of child pornography, in violation of Title 18 U.S.C. § 2252(a)(4)(B). *Id.*

On October 9, 2013, Petitioner filed a motion for change of plea. *See* Cr. No. 13-66, Docket No. 22. Said motion was granted and, on November 1, 2013, Petitioner pled guilty to all three counts charged in the Indictment. *See* Cr. No. 13-66, Docket No. 29.

On June 26, 2013, Petitioner was sentenced to two-hundred (200) months as to Count One, two-hundred (200) months as to Count Two, and one-hundred and twenty 120 months as to Count Three, to be served concurrently with each other. *See* Cr. No. 13-66, Docket No.54. Petitioner filed a notice of appeal later that day arguing that the Court failed to make its recommendations to the Bureau of Prisons mandatory. *See* Cr. No. 13-66, Docket No. 57.[1] On October 1, 2015, the First Circuit Court of Appeals affirmed the District Court's sentence explaining that the Court didn't have the jurisdiction to make its recommendations mandatory. *See* Cr. No. 13-66, Docket No. 71; *see also United States v. Pagán-Vega*, App. No. 14-1791 (1st Cir. 2015).

On December 9, 2015, Petitioner filed a *Motion to Vacate, Set Aside, or Correct Sentence*. *See* Docket No. 1. Petitioner alleged that he received ineffective assistance of counsel due to counsel's failure to discuss a plea offer tendered by the government. Petitioner additionally argued that counsel failed to put forth any defense, failed to object to the two-hundred (200) month sentence, and failed to invoke Petitioner's ignorance of the law as a defense.

On March 8, 2016, Petitioner's *pro bono* counsel filed a *Supplemental Motion in Support of Motion to Vacate, Set Aside, or Correct* the sentence (Docket No. 7). Petitioner's supplement focused only on the issue of counsel failing to convey the plea offer tendered by the government.

On June 2, 2016, the United States ("Respondent") filed a *Response in Opposition to Motion* (Docket No. 12) claiming that the record indicated that Petitioner voluntarily opted to enter a straight plea. Respondent also argued that Petitioner's claim failed because the Court stated that "even if it was a plea agreement for 7 or 8 or 9 years, this Court would not have accepted that plea at all." *See* Cr. No. 13-66, Docket No. 66 at pg. 36.

---

[1] An Amended Judgment was entered on July 15, 2014 to fix a clerical error. *See* Cr. No. 13-66, Docket No. 59.

## II.     LEGAL STANDARD UNDER 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## III.    ANALYSIS

The Court emphasizes that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." U.S. Const. Amend. VI. However, "not every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." *Prou v. United States*, 199 F.3d 37, 48 (1st Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984)). However, "the Constitution entitles a defendant to generally proficient representation, not perfect representation." *Id.* (citing *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir. 1994)). The First Circuit succinctly summarized the legal doctrines surrounding claims of ineffective assistance of counsel:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms. In making this assessment, courts must be highly deferential and indulge a strong presumption that ... under the circumstances, the challenged action might be considered sound trial strategy. Second, the defendant must show that counsel's deficient performance resulted in prejudice—that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Mercedes-De La Cruz*, 787 F.3d 61 (1st Cir. 2015) (internal citation and marks omitted).

There is no question that "a defendant has a right to be informed by his counsel of a plea offer [and] . . . a failure to do so [ordinarily] constitutes ineffective assistance of counsel." *United States v. Rodriguez-Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991). In this case, the transcript of the sentencing hearing showed that there was in fact a plea deal offered.

> MR. RODRIGUEZ: The record will reflect that since the first -- there was like three status conferences in this case, and we -- I expressed on behalf of my client that he wants to pled guilty, since the beginning. We filed a motion for change of plea to plead guilty, and at the time we did not even have any plea offer. **We received the plea offer before he pled guilty, but he instructed me that he wants to plead guilty, and that's the reason he pled it.** And that was even before we filed the motion for change of plea. **We will receive a plea offer on the same day of the change of plea hearing, but he wants to go with a straight plea, because he was so repentant, he wants to -- and he is still, and he had explained to the Court that he wants to plead guilty, and he did.**
>
> THE COURT: United States, what was the plea offer?
>
> MS. GORBEA: The plea offer given to the defendant was between 70 to 87 months. But that plea offer is no longer valid.

*See* Cr. No. 13-66, Docket No. 66, pg. 26 (emphasis ours).

Petitioner argues that counsel did not explain the offer nor the consequences of entering a straight plea. *See* Docket No. 7. Nevertheless, counsel did argue that Petitioner wanted to enter a straight plea instead of a plea pursuant to the plea agreement because he was repentant of his actions.

Standing alone, counsel's failure to convey the plea offer is insufficient to succeed in this type of claim as Petitioner "must demonstrate a reasonable probability [that he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel" and "that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. 133, 147 (2012). Petitioner would have to demonstrate a "reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.* at 148. This last prong is important since a defendant has no right to be offered a plea, *Id.* at 148, and no right that the judge accept it. *See Santobello v. New York,* 404 U.S. 257, 262 (1971). Thus, even if the Court finds that the plea agreement and its differences to a straight plea were not explained to Petitioner, rendering counsel's performance ineffective, there still must be evidence that the result of the proceedings would've been different.

One factor needs to be considered in this case to make a prejudice determination. Whether or not the Court would have accepted the plea agreement, meaning that the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 694. This Court proceeded over Petitioner's hearing and thus "is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *DeColgero v. United States*, 802 F.3d 155, 167 (1st Cir. 2015) (quoting *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)). The Court then, basing itself on the record of the sentencing hearing, can make this determination with the utmost confidence.

> THE COURT: So taking into consideration all of the 3553 elements of the offense, and the need to promote the respect for the law and protect the public from further crimes by the defendant, as well as addressing the issues of deterrence and punishment, the Court sentences the defendant to 200 months as to each count to be served concurrently to each other. **I have just, therefore, made a slight variance of ten months in this case. I cannot make more than that because it would be encouraging to the public who hears this sentence and knows about this sentence, knowing the stressful, abusive nature of all of these movies and of the sophisticated equipment that was there to download them. The fact that there may have been a plea agreement, the Court cannot consider that because even if it was a plea agreement for 7 or 8 or 9 years, this Court would not have accepted that plea at all.**

*See* Cr. No. 13-66, Docket No. 66 at pg. 35-36 (emphasis ours).

The plea offer that the government offered included a sentencing range of 70 to 87 months. *See Id.* at pg. 26. The Court clearly stated that due to the heinous crime committed, it would have not accepted the plea agreement that was presented by the government to Petitioner. The Court even deviated downward ten (10) months from the sentencing guideline noting that Petitioner was repentant and accepted what he had done. There is no doubt that the supposed actions by counsel did not cause prejudice in the proceedings and Petitioner failed to meet Strickland's second prong. Petitioner's motion is **DENIED WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons discussed above, this Court **DENIES** Petitioner's *Motion to Vacate, Set Aside, or Correct* sentence. *See* Docket No. 1, 7. The Court holds somewhat deficient the issue of counsel's performance as irrelevant due to the fact that said performance did not alter the result of the proceedings. It

is ordered that no certificate of appealability be issued because there is no "substantial showing of the denial of a constitutional right" within the meaning of 28 U.S.C. § 2253(c). Judgement shall be entered forthwith.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 11th day of May, 2017.

S/ DANIEL R. DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge